AIMEE HENRY MORECROFT, Respondent, *v.* MARY PARKER TAYLOR, Appellant.

First Department, April 5, 1929.

*William Travers Jerome* of counsel [*Jerome & Rand,* attorneys], for the appellant.

*Joseph Henry Cohen* of counsel [*Carey & Cohen,* attorneys], for the respondent.

O'MALLEY, J. The plaintiff seeks a declaratory judgment. The complaint alleges that plaintiff was born out of wedlock in June, 1891, in New Brunswick, Can., the daughter of defendant and her first cousin, one Rice, but that defendant has at all times denied such maternity; that there are no public records of plaintiff's birth in New Brunswick, but that under the laws thereof, a certificate of birth may now be executed by a person having knowledge of the facts and that such certificate may now be recorded there.

The pleading is further to the effect that there is now no one living other than this defendant who knows all the facts of plaintiff's birth or who can execute the birth certificate. The death or disappearance of other likely persons is specifically set forth.

Though never considered or acknowledged by the defendant or her family as defendant's daughter, plaintiff has remainder interests in the estates of her maternal grandfather and great grandfather as well as under a deed of trust under which defendant has a life estate, which interests plaintiff may enjoy only upon the death of defendant. Legal recognition of plaintiff's status will enable her and her son to eligibility in numerous organizations, membership in which is dependent upon ancestry, notably the Colonial Dames of America and the Daughters of the American Revolution.

Before alleging that no remedy of any kind at law is available to her, the plaintiff pleads that in view of the fact that her interests aforesaid are enjoyable on defendant's death; that there are no available legal records of her birth; that all persons having knowledge thereof save defendant are dead; and because those who may be able to help plaintiff establish her paternity may die prior to the time she would be required to prove such in order to secure the benefit of her interests aforesaid and the social advantages of her ancestry, it is necessary and essential that her relationship be declared by the court and that defendant execute and deliver a birth certificate.

Judgment is prayed for (1) that a declaratory judgment be made and entered that plaintiff is the daughter of defendant; (2) that the defendant be directed by the judgment of this court to duly execute and deliver to plaintiff a certificate of plaintiff's birth.

It is elementary, of course, that not only all the facts specifically pleaded, but every fair intendment deducible therefrom, must be treated as admitted for the purpose of the disposition of the motion. Hence it stands admitted that plaintiff is the illegitimate child of this defendant; that defendant denies such relationship; that plaintiff has interests in several estates dependent upon such relationship; that defendant is the only person now living by whom this plaintiff may establish evidentiary facts which will lead to the conclusion of the ultimate fact of maternity and that there is no remedy at law at this time available to the plaintiff. In addition it is conceded by appellant's counsel that we must assume that the action is instituted in good faith.

The discretion exercised below and here reviewed is not concerned with plaintiff's ability to prove her case, with the exact pointing out of future questions that may be determined by any adjudication herein, nor with the question of ultimate relief, if any, that may be given. We are concerned merely with the question of whether the plaintiff should be given an opportunity of attempting to prove the allegations of her pleading, and whether under

any possible circumstances, if proven, the court should enter some judgment. If merely to prove the relationship, the present action, it seems to us, should be held to be maintainable by the plaintiff.

The lot of an illegitimate child at common law, *filius nullius*, was and is most harsh. The severity of it was recognized by the very common law itself, and out of it grew the almost conclusive presumption of legitimacy under certain circumstances. The conditions and legal disabilities of illegitimate children have gradually been improved and ameliorated. A more humane viewpoint has sought to relieve the harshness of the common law with respect to the innocent victim, at least. Modern contemplated legislation is ever looking further to protect the offspring of meretricious intercourse, particularly with respect to the status as between such offspring and the mother. While the sins of the father may still be visited upon his children, the sins of the mother are receiving in law an ever lightening sanction. In this as in other jurisdictions reciprocal rights of descent and distribution have been afforded such child and mother. (Decedent Estate Law, §§ 89, 98, subds. 9, 15.)

An adjudication of maternity in the present action would be conclusive, at least, with respect to the defendant and those taking through or from her. Such adjudication would be competent evidence, though not conclusive, as against others. Kinship is proved in various ways and the strict legal proof required for other issues is not demanded. Even repute is admissible to show such birth.

It is to be observed that all of plaintiff's possible legal rights that may come to her from defendant cannot now be specified. But this is no ground for denial to her of relief to the extent of such rights as she is able to present. Even a legitimate child would labor under the same difficulty, for no one is the heir of a living person, and rights derived through such a source become fixed and definite only upon death.

It is further to be noted that rights other than those of property are involved. The latter are contingent in great part upon the death of the defendant. However, other important privileges are dependent upon birth and proof thereof. Among these are citizenship and the right of franchise. The embarrassment and difficulties attendant upon plaintiff's possible application for passports would be obviated by a judicial determination of maternity herein.

In *Baumann* v. *Baumann* (222 App. Div. 460; 224 id. 719; 250 N. Y. 382) this court entertained a proceeding for the adjudication of a marital status. The plaintiff in that action had various existent remedies open to her for the same specific judgment. She

could have sued° for separation. She had an action for divorce. She was in a position to have initiated criminal proceedings. She might have sued in criminal conversation. Yet, with all these other available remedies, she was given the right to bring an action for a mere declaratory judgment. If one in such a position with these other existing remedies available was given the right to maintain an action for a declaratory judgment, how much more should such right be given to this plaintiff with no other remedy now available, with this defendant the only one now living from ·whom direct testimony may be elicited with respect to her status and with rights that will come to fruition only upon the death of this defendant, at which time this plaintiff will be wholly unable to substantiate her claim of maternity.

Neither novelty in theory nor in the relief prayed for has ever been held a bar to the maintenance of an action. The plaintiff, if she establishes the proper facts, should be entitled to the first part of her relief, at least. Whether the second part prayed for should be granted, we need not here and now determine, for such is immaterial. (Civ. Prac. Act, § 473.) A final disposition of such matter may well rest until the complete adducement of the evidence and the judgment to be rendered thereon.

Moreover, if additional parties shall appear at any time hereafter to be necessary or even proper parties to this proceeding, they may be made such by procedure readily available.

It follows that the order should be affirmed, with ten dollars costs and disbursements, with leave to the defendant to answer on payment of said costs.

Dowling, P. J., and Finch, J., concur; McAvoy and Martin, JJ., dissent.

McAvoy, J. (dissenting). The plaintiff seeks a declaratory judgment which would adjudge that she is the illegitimate daughter of the defendant and that defendant be directed to execute and deliver to plaintiff a certificate of plaintiff's birth. Further necessary declarations appropriate to this relief are also asked.

It is admitted by the nature of the motion in legal fiction that the defendant is the mother of the plaintiff; that plaintiff is an illegitimate child and was born in June, 1891, in Rothesay, Province of New Brunswick, Dominion of Canada; that the laws of New Brunswick enact that " a certificate of plaintiff's birth may now be executed by a person having knowledge of all the facts surrounding said birth, and said certificate may now be recorded there; " that there are no public records of plaintiff's birth in New Brunswick; " that there is no one now living other than this

defendant who knows all the facts surrounding plaintiff's birth and no one now living other than this defendant who can execute the certificate aforesaid; " that " plaintiff has remainder interests in the estate disposed of by the last will and testament of her great grandfather on her mother's side, James Parker, deceased, and like interests in the estate disposed of by the last will and testament of her grandfather, Richard T. Parker, defendant's father, and that she has like interests under a certain deed of trust which created an equitable life estate for the benefit of defendant; " that defendant by reason of her ancestry is eligible and is a member of numerous patriotic societies, including the Colonial Dames of America and the Daughters of the American Revolution, and enjoys the social advantages of such ancestry.

These are the material allegations of facts which make up plaintiff's right, for which she seeks this remedy.

The grounds of dismissal of the complaint, as urged by defendant, are that it appears on the face thereof that the said complaint does not state facts sufficient to constitute a cause of action and that the complaint shows that the court has not jurisdiction of the subject of the action; that from the facts declared upon the plaintiff should be left to relief by existing forms of action as the same are adequate to secure all relief to which the plaintiff is entitled; that it is manifest in the pleading itself that since assumption of jurisdiction by the court is discretionary with the court, no facts are alleged sufficient to authorize the court to assume jurisdiction of this action.

The cardinal rule is that no judgment merely declaratory of a party's right will be rendered unless it will serve some practical purpose in respect of that right now actually necessary to be enforced or declared. Unless a present right depends on the decision no determination will be made of a future right. It is the invariable practice to await the event on which such right hangs so that all who have a right to be heard thereon may submit their proof and argument against the claim proposed to be urged.

A present or prospective controversy should be shown to exist and all parties concerned in the adjudication should be summoned to answer the action so that such judgment as is rendered will be upon the matters involved *res adjudicata*.

A decision on plaintiff's pleading would establish the fact of relationship to the defendant as against the defendant, but would give no property rights against others not parties to this action and hence be of no avail hereafter to her as against other claimants of her alleged interests.

Though the plaintiff may be entitled to interests in remainder

because of being the illegitimate daughter of the defendant, the heirs, next of kin, representatives, devisees and legatees of the testators, and the creator of the trust in which she claims rights, would not be bound by a decision in this action as they are not parties to this action nor in privity with the parties. What interests are hers in remainder, whether vested or contingent, nowhere appears. Her rights may depend in remainder on an event which may never happen.

If no one interested in the interests in remainder to which plaintiff claims she is entitled could be bound by a judgment declaring plaintiff to be the illegitimate daughter of the defendant, such a judgment " will serve no present practical purpose " and should not be rendered.

A judgment here can go no further than to declare plaintiff a bastard daughter of defendant, would bind only defendant and plaintiff, would give no property right, present or future, grant no patent of entry to a social status based on defendant's membership in patriotic societies and otherwise be a mere *brutum fulmen* as to future temporalities, accomplishing nothing but disgrace in the present.

The order should be reversed and the motion granted.

MARTIN, J., concurs.

Order affirmed, with ten dollars costs and disbursements, with leave to defendant to answer within twenty days from service of order with notice of entry thereof upon payment of said costs.