Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| ALEXANDRA MARÍA EUGENIA LATIMER HAEUSSLER<br><br>Apelada<br><br>v.<br><br>GABRIEL JUAN LATIMER HERNÁNDEZ<br><br>Apelante | TA2025AP00517 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.: CA2025CV01681<br><br>Sobre: Sentencia Declaratoria |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de diciembre de 2025.

Comparece el señor Gabriel Thomas Latimer Hernández mediante recurso de apelación y solicita que modifiquemos la *Sentencia Parcial* del Tribunal de Primera Instancia, Sala Superior de Carolina, emitida el 2 de septiembre de 2025. En dicho dictamen, se determinó que la colación de la donación realizada al señor Latimer Hernández es válida. Por los fundamentos que expresaremos, confirmamos la *Sentencia Parcial* recurrida.

En síntesis, el caso de epígrafe trata de una demanda por sentencia declaratoria. Según el expediente, el 8 de diciembre de 2021, el señor Thomas Albert Latimer Feliciano otorgó la Escritura de Donación Núm. Siete (7) ante la Notaria Sandra Ivette Méndez Lassalle, mediante la cual donó a favor de su hijo Gabriel Juan Latimer Hernández el Apartamento #202 del Condominio Waldorf Towers y su estacionamiento correspondiente. A la vez, esta escritura especificó que

dicha donación, valorada a ciento ochenta mil ($180,000.00) dólares, no sería colacionable.

No obstante, lo anterior, el 3 de mayo de 2025, al otorgar un testamento abierto mediante la Escritura Núm. Dieciocho (18) ante el Notario Víctor M. Rivera Torres, el señor Latimer Feliciano dispuso que la antes referida donación hecha a favor del señor Latimer Hernández deberá colacionarse. Además de instituir como herederos universales a sus hijos—entre los cuales se incluyen a la señora Alexandra María Eugenia Latimer Haeussler y el señor Gabriel Juan Latimer Hernández—el causante nombró a la señora Latimer Haeussler como Ejecutora Universal de la herencia y quedando está facultada para realizar las funciones de albacea, administradora y contadora partidora, al igual que de demandar por las acciones que fueren necesarias para defender el caudal de cualquier clase de acción que se establezcan en contra de ésta.

Fallecido el señor Latimer Feliciano y aceptada la encomienda expresada en el testamento, la señora Latimer Haeussler presentó una demanda por sentencia declaratoria en contra del señor Latimer Hernández, a razón de que ambas partes no han logrado resolver extrajudicialmente la controversia de si el testamento del señor Latimer Feliciano revocó la exención de colación de la donación hecha a favor del apelante. Además, la apelada le informó al Tribunal de Primera Instancia que el valor de la propiedad se estima en quinientos mil ($500,000.00) dólares y solicitó que, al amparo de la Regla 56 de Procedimiento Civil de 2009 (32 LPRA Ap. V) se ordenara como remedio provisional la prohibición de enajenar el inmueble, así como la correspondiente anotación preventiva de demanda. A esto último, el

4 de junio de 2025 el Tribunal apelado resolvió ha lugar y dictó una *Orden* a esos efectos.

Antes de responder a la demanda, el señor Latimer Hernández solicitó reconsideración de la *Orden* y, en lo pertinente al presente recurso apelativo, cuestionó la capacidad mental del causante al momento de otorgar su testamento, e impugnó la valorización de la propiedad a una cantidad de quinientos mil ($500,000.00) dólares, cuando debería haberse anotado la suma de ciento ochenta mil ($180,000.00) dólares. Luego de la parte apelada oponerse, el 8 de julio de 2025, el Tribunal recurrido resolvió sin lugar a la moción de reconsideración. En ausencia de alguna acción apelativa por alguna de las partes, la *Orden* advino final y firme.

Asimismo, el apelante solicitó que el Tribunal de Primera Instancia ordenara a la parte apelada a revertir cualquier partición parcial que haya hecho de la herencia hasta tanto no se presente el correspondiente cuaderno particional y documentación. Ante la oposición de la señora Latimer Haeussler, el 11 de agosto de 2025 el Tribunal apelado emitió *Resolución Interlocutoria* y determinó sin lugar la solicitud del apelante. Por ninguna parte haber solicitado reconsideración o haber recurrido ante los foros apelativos, dicha *Resolución Interlocutoria* advino final y firme.

Posterior a varios trámites procesales, la señora Latimer Haeussler solicitó que se dictara sentencia sumaria y, después del Tribunal recurrido resolver sin lugar a una solicitud de desestimación de la parte apelante, el señor Latimer Hernández respondió a la demanda, enfatizando que negaba la alegación de que el inmueble en controversia era colacionable. No es hasta que el apelante presenta una

*Oposición de Forma Parcial a Moción de Sentencia Sumaria (Ent. #24)* que éste acepta la colación del inmueble donado, aunque siguió insistiendo que el valor de la propiedad era todavía un hecho controvertido. Además, el señor Latimer Hernández solicitó que el Tribunal condenara a la apelada al pago de cinco mil ($5,000.00) en concepto de honorarios por temeridad. Evaluado todos los argumentos, el Tribunal apelado determinó que la disposición testamentaria del causante que ordenó la colación de la donación en controversia constituye una revocación válida y eficaz de la dispensa de colación original.

Insatisfecho, el apelante recurre ante este Tribunal y, en resumidas cuentas, alega que el Tribunal de Primera Instancia erró al (1) determinar que procedía una demanda solicitando la colación de un inmueble a base de los documentos presentados cuando la misma procedía por disposición de ley; (2) conceder un remedio provisional bajo la Regla 56 de Procedimiento Civil, *supra*, de forma ex parte, sin fianza y con una valoración contraria a los documentos anejados para su evaluación, al igual que emitir una *Sentencia Parcial* cuando esto todavía es un hecho controvertido; y (3) emitir la *Resolución Interlocutoria* del 11 de agosto de 2025. Presentada la oposición de la parte apelada, resolvemos.

Vale recordar que el mecanismo procesal de la sentencia sumaria se rige por la Regla 36 de Procedimiento Civil, *supra*, y tiene como finalidad la solución justa, rápida y económica de litigios civiles que no contengan controversias genuinas de hechos materiales. Véase *González Meléndez v. Mun. San Juan et al.*, 212 DPR 601 (2023) (citando a *Segarra Rivera v. Int'l. Shipping et al.,* 208 DPR 964 (2022)).

Así, la Regla 36.2 permite que cualquiera de las partes pueda solicitar que se dicte sentencia sumaria sobre la totalidad o sobre cualquier parte de una reclamación. Regla 36.2 de Procedimiento Civil, *supra*. Véase, también, *Torres Pagán et al. v. Mun. de Ponce,* 191 DPR 583 (2014). A su vez, se ha establecido que el peticionario debe establecer su derecho con claridad y demostrar que no existe controversia sustancial sobre algún hecho material, es decir, suficiente para que sea necesario dirimirlo en un juicio plenario. Regla 36.1 de Procedimiento Civil, *supra*; *Oriental Bank v. Caballero García*, 212 DPR 671 (2023) (citando a *Mun. de Añasco v. ASES et al.*, 188 DPR 307 (2013)). Véase, también, *Ramos Pérez v. Univisión,* 178 DPR 200 (2010) (citando a *Luan Invest. Corp. v. Rexach Const. Co.*, 152 DPR 652 (2000)).

Asimismo, la Regla 36.3(b)(2) de Procedimiento Civil, *supra*, regula la oposición a que se dicte sentencia sumaria, la cual debe citar específicamente los párrafos enumerados que entiende están en controversia y, para cada uno de los que pretende controvertir, detallar la evidencia admisible que sostiene su impugnación con cita a la página o sección pertinente. Como se puede apreciar, el oponente debe controvertir la prueba presentada con evidencia sustancial y no puede simplemente descansar en sus alegaciones. *Roldán Flores v. M. Cuebas et al.*, 199 DPR 664 (2018) (citando a *Rodríguez Méndez et al. v. Laser Eye*, 195 DPR 769 (2016); *Ramos Pérez v. Univisión, supra*). En la medida en que meras afirmaciones no bastan para derrotar una solicitud de sentencia sumaria, la parte opositora debe presentar contradeclaraciones juradas y contradocumentos que pongan en controversia los hechos presentados. Íd.; *Ramos Pérez v. Univisión*, *supra*.

En cuanto al estándar de revisión aplicable, el Tribunal de Apelaciones utilizará los mismos criterios que el foro de primera instancia al determinar la correspondencia de la sentencia sumaria, aunque limitado a considerar aquellos documentos presentados en el foro primario y obligado a cumplir con la Regla 36.4 de Procedimiento Civil, *supra*. Debemos, por tanto, examinar *de novo* el expediente y verificar que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de forma; luego, revisar si en realidad existen hechos materiales en controversia y, de encontrar que los hechos materiales realmente están incontrovertidos, revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el derecho. *Meléndez González et al. v. M. Cuebas*, 193 DPR 100 (2015).

Por otro lado, una sentencia declaratoria es un mecanismo remedial y profiláctico que permite a cualquier parte interesada anticipar la dilucidación de los méritos ante los tribunales, pero solo mientras exista un peligro potencial contra quien la solicita. *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89 (2020) (citando a *Senado de PR v. Gobierno de PR et al.*, 203 DPR 62 (2019)). Para que un Tribunal pueda emitir una sentencia declaratoria, el solicitante debe demostrar que existe una controversia sustancial entre las partes que tengan intereses legales adversos, de suficiente inmediación, madurez y realidad. *Amadeo Ocasio et al. v. Gobernador et al.*, 211 DPR 278 (2023) (citando a *Moscoso v. Rivera*, 76 DPR 481 (1954)). De hecho, el promovente debe demostrar que (1) ha sufrido un daño claro y palpable; (2) el daño es real, inmediato y preciso; (3) existe una conexión entre el daño sufrido y la causa de acción ejercitada; y (4) la causa de acción surge al palio de la Constitución o de una ley. Íd.

(citando a *Hernández Montañez, Santa Rodríguez v. Srio. de Hacienda et al.*, 208 DPR 727 (2022); *Ramos Rivera, Méndez Núñez v. García García*, 203 DPR 379 (2019); *Bathia Gautier v. Gobernador*, 199 DPR 59 (2017)). En vista de ello, la sentencia declaratoria descansa en la sana, pero limitada, discreción del Tribunal. *Sánchez et al. v. Srio. de Justicia et al.*, 157 DPR 360 (2002) (citando a *Moscoso v. Rivera*, *supra*).

De su parte, nuestro ordenamiento considera como ley del caso todo derecho y obligación que ha sido objeto de adjudicación y dictamen firme en el ámbito judicial. *Berkan et al. v. Mead Johnson Nutrition*, 204 DPR 183 (2020) (citando a *Cacho Pérez v. Hatton Gotay y otros*, 195 DPR 1 (2016); *Mgmt. Adm. Servs. Corp. v. ELA*, 152 DPR 599 (2000)). Mediante esta doctrina, los tribunales evitarán rexaminar asuntos ya considerados dentro de un mismo caso para velar por el trámite ordenado y expedido de los litigios, más promover la estabilidad y certeza del derecho. Íd. (citando a *Mgmt. Adm. Servs. Corp. v. ELA*, *supra*; *Núñez Borges v. Pauneto Rivera*, 130 DPR 749 (1992); *Torres Cruz v. Municipio de San Juan*, 103 DPR 217 (1975)). A manera de excepción, la doctrina de la ley del caso no aplicará cuando el caso regresa para la evaluación y consideración del tribunal y este entiende que sus determinaciones previas fueron erróneas y podrían causar una grave injusticia. Íd. (citando a *Cacho Pérez v. Hatton Gotay y otros*, *supra*; *Noriega v. Gobernador*, 130 DPR 919 (1992)).

En el presente caso, el Tribunal de Primera Instancia actuó correctamente al resolver sumariamente el caso de epígrafe. Del expediente se desprende que el apelante negó la colación de la donación en controversia hasta su *Oposición de Forma Parcial a Moción de*

*Sentencia Sumaria (Ent. #24)*, luego de tener amplia oportunidad de aceptar el argumento de la apelada mediante varios trámites procesales, tal como en su respuesta a la demanda. En otras palabras, las acciones del señor Latimer Hernández confirmaron que existía una controversia sustancial entre las partes, lo cual conllevaba un daño real a las funciones de la apelada en cumplir con la partición de la herencia. Todo por lo cual el Tribunal apelado actuó dentro de su discreción para resolver la controversia que se le fue presentada por la apelada, y alargada por el apelante.

A su vez, todo argumento sobre la valoración de la propiedad y cualquier controversia en cuanto al remedio provisional bajo la Regla 56 de Procedimiento Civil, *supra*, de manera final y firme, con la *Orden* del 4 de junio de 2025 y su respectiva resolución dictando sin lugar la moción de reconsideración del señor Latimer Hernández. Igualmente, todo tema sobre la solicitud de que se revirtiera cualquier partición parcial que haya hecho de la herencia hasta tanto no se presente el correspondiente cuaderno particional y documentación se atendió, y advino final y firme mediante la *Resolución Interlocutoria* del 11 de agosto de 2025.

Por los fundamentos expresados, confirmamos la *Sentencia Parcial* recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones