Núñez, Demandante y Apelante, v. Lacot, Demandada
y Apelada.

Apelación procedente de la Corte de Distrito de Ponce en
pleito sobre filiación y petición de herencia.

No. 2794.—Resuelto en junio 19, 1923.

Hijos Legítimos—Presunción de Legitimidad—Prueba Insuficiente del Concubinato.—En el presente caso la madre alegó que la presunción de legitimidad de su hija nacida dentro de los 300 días subsiguientes al divorcio no debía prevalecer. La prueba de la imposibilidad física para el intercurso a que se refiere el artículo 181 del Código Civil tendió a demostrar la separación de los esposos desde que estaba pendiente el pleito de divorcio viviendo ella en Peñuelas y él en Ponce. Se probó que ambas poblaciones están tan próximas que en la época del nacimiento de la alegada hija natural, Peñuelas era parte del distrito judicial de Ponce. *Se resolvió:* que tal prueba es insuficiente para destruir la presunción de legitimidad y menos cuando no se probó el alegado concubinato entre la demandante y el supuesto padre natural, como requiere el artículo 189 del Código Civil antes de la enmienda de 1919.

Id.—Filiación.—De acuerdo con la ley y la jurisprudencia la condición o estado de un hijo natural o ilegítimo ha de determinarse por la ley en vigor a la fecha de su concepción o nacimiento, según sea el caso.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. E. Flores Colón.*

Abogados de la apelada: *Sres. J. y M. Tous Soto.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Carmen Núñez, casada con Luis Maldonado, obtuvo sentencia de divorcio contra él en 17 de noviembre de 1904. En 7 de septiembre de 1905, dió ella a luz a la niña Araceli. Como esta niña nació dentro de los 301 días de la disolución del matrimonio, se presumirá, como declaró probado la corte inferior que es legítima a tenor del artículo 181 del Código Civil, el cual es como sigue:

"Art. 181.—Son hijos legítimos los nacidos después de los ciento ochenta días siguientes al de la celebración del matrimonio y antes de los trescientos días siguientes a su disolución.

"Contra esta legitimidad no se admitirá otra prueba que la imposibilidad física del marido para tener acceso con su mujer en los

primeros ciento veinte días de los trescientos que hubiesen prece-dido al nacimiento del hijo.''

. La demandante Carmen Núñez, sin embargo, en repre-sentación de su hija alegó que ésta era hija ilegítima de Luis Becerra Lacot, concebida y nacida después del divorcio. Como fundamento particular para la alegación que hace de ser su hija heredera de Luis Becerra, alega la madre un es-tado de concubinato público, que Luis Becerra y Carmen Núñez vivieron públicamente, bajo el mismo techo y como marido y mujer.

Celebrado el juicio, la Corte de Distrito de Ponce declaró probado que Araceli Núñez es hija legítima de los esposos divorciados, Luis Maldonado y Carmen Núñez, y declaró también probado que la demandante no había establecido un caso de acuerdo con sus alegaciones.

La apelada, madre de Becerra, reconoce que un hijo ile-gítimo o hasta adulterino podría tener derecho a una recla-mación contra su supuesto padre de haber nacido entre los años 1902 y 1911, durante cuyo período el Código Civil no establecía distinción alguna entre los hijos naturales en par-ticular y los hijos ilegítimos en términos amplios. La ape-lada, sin embargo, llama la atención a que de acuerdo con el artículo 184 del Código Civil sólo el padre puede disputar la legitimidad de un hijo y si bien puede alegarse la ausencia para demostrar la imposibilidad física del trato carnal, no se probó en forma debida la ausencia como se pretendió ha-cerlo.

Lo que la apelante trató de demostrar fué que mientras estaba pendiente el pleito de divorcio Luis Maldonado y Carmen Núñez vivieron separadamente, el esposo en Peñue-las y la esposa en Ponce. La apelante cita jurisprudencia al efecto de que cada caso de alegada incapacidad física, o de ausencia, debe juzgarse por sí mismo y que no deben es-tablecerse reglas definidas. Los comentaristas citados ha-

blaban en gran parte de segundos matrimonios y del depósito de la esposa y otras condiciones que no existen en este caso. Nos sentimos obligados a sostener que la demandante Carmen Núñez no ha refutado con éxito la presunción de legitimidad como se consigna en el artículo 181 del Código Civil.

La apelada en verdad llama la atención al hecho de que vivir en Peñuelas no excluye la posibilidad del contacto físico. Esta no es la ''ausencia'' de que habla el Código Civil o las decisiones de los comentaristas. Peñuelas en la fecha de la concepción de la niña Araceli Núñez era parte del distrito judicial de Ponce. Su proximidad ha sido revelada por los mismos testigos del caso. Carmen nació en Peñuelas. Becerra iba frecuentemente allá y uno de los testigos vivía allí. Incumbía a la apelante demostrar la imposibilidad física del contacto.

Por supuesto que puede uno fácilmente entender la actitud de la demandante, asumiendo que sus alegaciones son ciertas. Ella entonces sabría que Araceli no podía ser la hija de Maldonado y que era la hija de Becerra, y vería una injusticia en no permitir que fueran establecidos los verdaderos hechos. La misma Araceli Núñez, que era una muchacha de dieciséis años, dijo al ser llamada a declarar que una persona sin nombre no es nadie. Ella trataba de probar su verdadero parentesco según ella. Sin embargo, ni los deseos de la madre o de la hija pueden prevalecer. La sociedad, como se expresa en el Código Civil, ha rodeado de fuertes presunciones la legitimidad de los hijos nacidos mientras existe el matrimonio y por trescientos días después de su disolución. Es algo curioso observar la tentativa de la misma hija para destruir la presunción de legitimidad, pero es imposible para esta corte el hacer excepciones en contra de la letra del Código, por no decir de su espíritu. La apelante dejó de probar un caso dentro de la excepción que claramente menciona el Código.

También declaró probado la corte que las alegaciones de la demanda relativas al concubinato no habían sido probadas. Hubo alguna prueba tendente a acreditar que Luis Becerra y Carmen Núñez vivieron juntos y bajo el mismo techo y que él pasó algunas noches enteras con ella, pero la prueba no es enteramente satisfactoria. La prueba, sin embargo, es mucho más robusta, en nuestra opinión, de que Luis Becerra tenía su hogar con su madre durante el período de la concepción de la niña y que él rara vez vivió o durmió fuera de la casa. Ciertamente que no se probó tal concubinato como el que requería el artículo 189 del Código Civil antes de su enmienda en el año 1911, el cual es como sigue:

"Art. 189.—El padre está obligado a reconocer al hijo ilegímo en los casos siguientes:

"1. Cuando existe escrito suyo indubitado en que expresamente reconozca su paternidad.

"2. Cuando pública o privadamente le tenga por hijo suyo o le haya llamado tal en conversación o se ocupe de su educación y sostenimiento.

"3. Cuando la madre fué conocida viviendo en concubinato con el padre al tiempo del embarazo o nacimiento del hijo, o cuando éste haya nacido llevando sus padres relaciones amorosas.''

De acuerdo con la ley y la jurisprudencia de esta corte la condición o estado de un hijo natural o ilegítimo ha de determinarse por la ley en vigor a la fecha de su concepción o nacimiento, según sea el caso. *Morales* v. *Sucesión de C. Cerame,* 30 D. P. R. 843; *Ramírez* v. *Ramírez,* 30 D. P. R. 617.

Debe confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey, Hutchison y Franco Soto.