FELIPE PÉREZ RAMÍREZ, demandante y apelante, *v.* BARTOLO TORRES IRIZARRY ET ALS., demandados y apelados.

Número 11374.

*Sometido:* 1 de marzo de 1956. *Resuelto:* 9 de agosto de 1956.

*Raúl Matos,* abogado del apelante; *Erasto J. Arjona Siaca,* abogado del demandado y apelado Bartolo Torres Irizarry.

EL JUEZ ASOCIADO SEÑOR SALDAÑA emitió la opinión del Tribunal.

Se trata de una acción sobre nulidad de inscripción de nacimiento que instó Felipe Pérez ante el Tribunal Superior, mediante presentación de una demanda contra la menor Rada Torres Rosado, por sí y asistida de su padre con patria potestad Bartolo Torres, contra este último por derecho propio y contra Jova Rosado, madre de dicha menor. En síntesis, Pérez alega que la referida menor codemandada Rada Torres Rosado nació el 11 de junio de 1936 en Peñuelas y fué inscrita en el Registro Demográfico de dicho pueblo como hija legítima de los codemandados Bartolo Torres y Jova Rosado; que en realidad Jova Rosado y el demandante (Felipe Pérez) son los padres de dicha menor, quien fué procreada mientras ambos vivían en público concubinato en Peñuelas; que Jova Rosado hizo inscribir a la menor como hija legítima de Bartolo Torres a sabiendas de que era hija natural del propio demandante; y por último que la menor se encuentra en la posesión continua del estado de hija natural del demandante. En la súplica se pide al tribunal que declare la nulidad de la inscripción del nacimiento de Rada Torres Rosado como hija legítima de Bartolo Torres y que ordene la inscripción de dicha menor en el Registro Demográfico como hija natural del demandante Felipe Pérez.

Aunque todos los demandados fueron debidamente emplazados, sólo se personó en autos Bartolo Torres. Sin radicar contestación alguna, presentó un escrito titulado *"contrademanda"* que reproduce todas las alegaciones de la demanda, así como la súplica de ésta. La referida contrademanda fué notificada únicamente al demandante Felipe Pérez. Este último radicó entonces una "contestación" aceptando todos los hechos alegados en la contrademanda y allanándose a la sentencia solicitada.

Después de anotarse la rebeldía de las codemandadas Jova Rosado y Rada Torres Rosado, se celebró la vista del juicio. Sólo compareció el demandante y, como única prueba, ofreció su propio testimonio y una copia del certificado de nacimiento de la menor. Declaró Felipe Pérez que para la fecha de la

concepción, del embarazo y del nacimiento de la menor Rada Torres Rosado, vivía en público concubinato con la madre de ésta en Peñuelas; que para esa fecha Jova Rosado, madre de la menor, estaba casada con Bartolo Torres pero "nunca vivió con él desde que se casó"; que siempre se ha ocupado de la educación y alimentación de la niña y la ha tratado en igual forma que a sus hijos legítimos; y que tanto él como la madre y la menor (que a la sazón tenía 17 años de edad) desean que en el Registro Demográfico se inscriba a esta última como hija natural reconocida de Felipe Pérez y de Jova Rosado. En el certificado de nacimiento consta que la menor nació en Peñuelas el 11 de junio de 1936, que fué inscrita en el registro por la madre como hija de Bartolo Torres, y que en esa fecha la madre y Bartolo Torres residían ambos en Peñuelas.

El Tribunal Superior dictó sentencia declarando sin lugar la demanda y, en apelación, el único señalamiento del demandante es que "cometió el tribunal a quo manifiesto error de derecho al declarar sin lugar la demanda, y no hacer pronunciamiento alguno en cuanto a la contrademanda . . ." A nuestro juicio, el recurso de apelación carece de méritos.

En primer lugar, el demandante apelante, que alega ser el padre natural de la menor Rada Torres Rosado, no tiene ni facultad ni acción alguna para impugnar la legitimidad de ésta. Como es sabido, la legitimidad puede ser impugnada solamente por el marido o por sus legítimos herederos (en los casos que señala el art. 116 del Código Civil —31 L.P.R.A. sec. 464) y por el propio hijo como un incidente de la acción de filiación que le concede la Ley 229 de 1942. *Agosto* v. *Javierre*, 77 D.P.R. 471 (1954).[1] Indudablemente la demanda que radicó el presunto padre natural en este caso, plantea una impugnación y posible pérdida del estado de legitimidad de la menor Rada Torres Rosado. Por

---

[1] *Moscoso* v. *Rivera*, 76 D.P.R. 481 (1954) no altera en nada esa regla jurídica y es innecesario reexaminar aquí nuestra decisión en dicho caso.

tanto, dicha demanda no aduce causa de acción, pues el estado personal de hijo legítimo se sustenta mientras no sea destruído *a instancia de las personas que por ley pueden impugnar la legitimidad.* 31 L.P.R.A. secs. 461–463. Cf. *Chabrán* v. *Méndez,* 74 D.P.R. 768, 786 (1953); *Chaulón* v. *Chabrán,* ante pág. 303 (1956); *Cubano* v. *Del Valle,* 69 D.P.R. 579 (1949); *Burgos* v. *Vázquez,* 48 D.P.R. 416 (1935); *Núñez* v. *Lacot,* 32 D.P.R. 81 (1923). Véase Manresa, Código Civil Español, tomo I (6ª ed. 1943), págs. 541 a 546.

 Por otro lado, nos parece indudable que el codemandado Torres, en una reconvención o contrademanda contra el alegado padre natural aquí demandante, no puede solicitar la cancelación de un asiento en el registro y otra nueva inscripción que, a fin de cuentas, convertirían a Rada Torres Rosado en hija natural del demandante Pérez. Desde luego, como marido de Jova Rosado y padre legítimo según el acta de nacimiento, Torres hubiese podido impugnar la legitimidad de la menor solicitando la nulidad de la inscripción de ésta como hija suya en el registro. Pero ese sería un pleito contra la madre y la menor y no contra el presunto padre natural. *Cubano* v. *Del Valle,* 69 D.P.R. 579 (1949) y *Chabrán* v. *Méndez,* 74 D.P.R. 768 (1953). Éste ni siquiera podría intervenir en el pleito de impugnación de legitimidad como resolvimos en el caso de *Chabrán,* supra, pág. 788.[2]

_____

[2] De acuerdo con el art. 115 del Código Civil (ed. 1930), 31 L.P.R.A., sec. 463, cuando se impugna la legitimidad de un hijo nacido después de los 300 días de la disolución del matrimonio, "el hijo y su madre tendrán también derecho para justificar...la paternidad del marido". Lógicamente la madre tiene el mismo derecho cuando se impugna la legitimidad de un hijo nacido después de los 180 días siguientes al de la celebración del matrimonio y antes de los 300 días siguientes a su disolución. De modo que aparentemente los procedimientos que envuelven la impugnación del estado de legitimidad requieren la citación de la madre y del hijo. 17 Enciclopedia Jurídica Española 805. Sin embargo, en *Chabrán* v. *Méndez,* 74 D.P.R. 768, 778 (1935), en forma de dictum expresamos que "la madre era a lo sumo una parte demandada apropiada" en un pleito sobre impugnación de legitimidad. Véanse además las Reglas 19 y 20 de las de Enjuiciamiento Civil, 32 L.P.R.A. Ap. 19 y 20. *Cf. Agosto* v. *Javierre,* 77 D.P.R. 471, 499–500 (1954) y 3 Moore's *Federal Practice* (2ª ed.) pág. 2101 y sigtes.

Tampoco podemos aceptar que Torres, en su carácter de padre con patria potestad sobre la menor, hubiese podido incoar una acción de filiación a nombre y en representación de ésta contra el supuesto padre natural, que en este caso es el demandante Pérez. La acción filiatoria que tanto el Código Civil como la Ley 229 de 12 de mayo de 1942 reconocen a los hijos naturales (así como a la acción filiatoria al solo efecto de llevar el apellido del padre, reconocida por la Ley 243 de 12 de mayo de 1945, enmendatoria de la 229, a los hijos en quienes no concurría la condición legal de naturales según el estado de la legislación anterior) corresponde ejercitarla a los propios hijos—no a los padres—por ser un derecho a aquéllos únicamente reconocido. En *Agosto* v. *Javierre,* 77 D.P.R. 471, reconocimos la procedencia de una acción filiatoria, bajo la Ley 229, en favor de un hijo nacido de madre casada, procreado en relaciones extramatrimoniales, y como incidental al ejercicio de esa acción el derecho del hijo a impugnar su estado civil de legitimidad. Pero en la referida acción, que envuelve una impugnación del estado de legitimidad de un hijo, el marido es parte demandada indispensable. *Agosto* v. *Javierre,* supra, pág. 499. Por tanto, aquí sólo la menor podría instalarla, representada por su madre o por el defensor judicial que la corte nombre, en vista del posible conflicto de intereses de la madre y de la menor. (³) De todos modos, en el caso de autos, Torres se limitó a radicar la aludida contrademanda por derecho propio y nada hay en el título, ni en las alegaciones ni en la súplica de la misma que pueda servir de base para concluir que el contrademandante

(³) Un padre natural puede reconocer, por su propia y voluntaria determinación, tanto en acta de nacimiento como en otro documento público, incluyendo declaraciones juradas (24 L.P.R.A. secs. 1132, 1134, 1165 y 1231) a un hijo que ha procreado en mujer soltera. Este acto suyo, sin embargo, es ineficaz en derecho cuando se trata de un hijo procreado en mujer casada, constante el matrimonio de ésta con otro hombre, porque implica la destrucción del status de legítimo que la ley confiere a dicho hijo. Pero el acto de reconocimiento voluntario quedaría convalidado en caso de que posteriormente se destruya la legitimidad por los medios y en la forma que admite la ley.

compareció y actuó como representante de la menor. No se trata, pues, de un mero defecto de forma en las alegaciones, y en realidad, la llamada "contrademanda" es una mera contestación admitiendo todos los hechos alegados en la demanda. Pero ésta no aduce causa de acción pues, como ya señalamos, la ley no le reconoce al supuesto padre natural facultad para impugnar la legitimidad de la menor.(⁴) Finalmente, no vemos cómo el demandante podría fundar su apelación en el hecho de que, expresa o implícitamente, el tribunal a quo declaró sin lugar una reconvención presentada en su contra por uno de los codemandados. Sólo el contrademandante hubiese podido apelar de ese pronunciamiento de la sentencia.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Sr. Pérez Pimentel no intervino.

El Juez Asociado Sr. Belaval disintió.

---

(⁴) Conviene señalar que "no se puede transigir sobre el estado civil de las personas". Art. 1713 del Código Civil (ed. 1930), 31 L.P.R.A. sec. 4825. Por lo demás, es indudable que la pretendida "contrademanda" en este caso no constituye tampoco una "reclamación recíproca contra codemandado" bajo la Regla 13 de las de Enjuiciamiento Civil. 32 L.P.R.A. Ap. R. 13.