Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| LUIS DELGADO MÁRQUEZ, et al.<br><br>Demandante Apelante<br><br>v.<br><br>MUNICIPIO AUTÓNOMO DE NAGUABO, et al.<br><br>Demandada Apelada | KLAN202400178 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Civil Núm.:<br>NG2023CV00125<br><br>Sobre:<br>Sentencia Declaratoria, Interdicto Permanente, Daños y Perjuicios |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 26 de abril de 2024.

Comparece el señor Luis Delgado Márquez (señor Delgado Márquez o peticionario) vía recurso de apelación para solicitar que revoquemos la *Sentencia* del Tribunal de Primera Instancia, Sala Superior de Humacao, emitida el 3 de enero de 2024. Mediante dicho dictamen, se desestimó la causa de acción del peticionario por existir otros remedios para la referida causa, no cumplir con los criterios para conceder una sentencia declaratoria y la misma no estar madura. Acogemos la solicitud como un *certiorari* por recurrir de una determinación interlocutoria emitida por el Tribunal de Primera Instancia, aunque conservamos su identificación alfanumérica. Adelantamos, de otra parte, la expedición del auto de *certiorari* y la confirmación de la *Sentencia* recurrida.

Número Identificador

RES2024 _____

En síntesis, el caso de epígrafe trata de una demanda por expropiación forzosa discriminatoria y daños y perjuicios, y una solicitud de sentencia declaratoria y de *injunction* permanente. Según aparece en el expediente, la Legislatura Municipal del Municipio de Naguabo presentó la Resolución Núm. 2, Serie 2023-2024 mediante cual se solicita que se confiera la potestad a la alcaldesa de Naguabo a expropiar forzosamente una propiedad del peticionario. La Resolución Núm. 2, además de asignarle al titular ciento treinta y cuatro mil dólares ($134,000.00) de justa compensación, tiene la intención de expropiar una propiedad que es la cede de campaña de un candidato y opositor a la Alcaldía de la presente alcaldesa del Municipio, y convertirlo en la cede temporera de la referida alcaldesa mientras se remodela la Casa Alcaldía.

Por todo lo anterior, el peticionario demandó al Municipio de Naguabo, la Alcaldesa Miraidaliz Rosario Pagán en su carácter oficial y personal, el esposo de esta y la Sociedad Legal Ganancial existente entre ambos (conjuntamente, "recurridos") y alega (1) que los recurridos están expropiando la propiedad por discriminación partidista; (2) que están obstaculizando la venta de la propiedad a un prospecto ya existente; y (3) que la justa compensación ofrecida es por debajo del valor real del edificio. En respuesta, los recurridos—es decir, el Municipio y la alcaldesa, en su carácter oficial—solicitaron la desestimación de la demanda y alegaron que el Tribunal de Primera Instancia carece de jurisdicción por no existir una causa de acción justiciable y por las solicitudes de sentencia declaratoria e *injunction* ser improcedentes en Derecho. Después de evaluado los argumentos y las posteriores mociones, el foro primario desestimó sin perjuicio la

causa de acción contra las partes en su carácter oficial por ser innecesario el *injunction*, no cumplir con los criterios para conceder una sentencia declaratoria y la inmadurez de la causa. Luego del peticionario solicitar una reconsideración, el foro primario resolvió sin lugar.

Insatisfecho, el señor Delgado Márquez recurre ante este Tribunal y alega que el foro primario erró (1) al denegar varias mociones de auxilio de jurisdicción y de remedios, y no concederle oportunidad para expresarse a las respectivas oposiciones; y (2) al denegar la moción de reconsideración que expone violaciones graves por lo que alegan ser un proceso ilegal, inconstitucional y atropellado de expropiación forzosa. En su oposición, los recurridos arguyen que la demanda no expone una reclamación que justifique la concesión de una sentencia declaratoria o un *injunction*, más que la causa de acción es prematura, por lo cual el Tribunal no tiene jurisdicción para atenderlo en sus méritos.

Vale recordar que el auto de *certiorari* es el vehículo procesal, discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos. Regla 52.1 de Procedimiento Civil de 2009 (32 LPRA Ap. V); Regla 40 del Tribunal de Apelaciones (4 LPRA Ap. XXII-B). Véase, también, *Caribbean Orthopedics Products of PR, LLC v. Medshape, Inc. et al.*, 207 DPR 994 (2021) (citando Art. 670 del Código de Enjuiciamiento Civil de 1933, 32 LPRA sec. 3491; *Municipio Autónomo de Caguas v. JRO Construction*, 201 DPR 703 (2019)). Conforme a la referida Regla 52.1, los criterios que permiten la expedición de un *certiorari* consisten en revisar una orden de carácter dispositivo o resolución según las Reglas

56 y 57 de *Procedimiento Civil*. Regla 52.1 de Procedimiento Civil, *supra*. Por lo tanto, la función del Tribunal Apelativo frente a la revisión de controversias a través del *certiorari* requiere valorar la actuación del foro primario y predicar su intervención en si la misma constituyó un abuso de discreción; en ausencia de evidencia suficiente de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia. Véase, también, *Fernández Martínez et al. v. RAD-MAN San Juan III-D, LLC et al.*, 208 DPR 310 (2021) (citando a *SGL Torres Matundan v. Centro de Patología Avanzada*, 193 DPR 920 (2015); *Dávila Nieves v. Meléndez Marín*, 187 DPR 750 (2013); *Ramos Milano v. Wal-Mart*, 168 DPR 112 (2006); *Rivera et al. v. Banco Popular*, 152 DPR 140 (2000); *Meléndez Vega v. Caribbean International News*, 151 DPR 649 (2000)).

Conviene destacar el principio de justiciabilidad, cual requiere que exista una controversia real para que los tribunales puedan ejercer sus poderes judiciales y evaluar los méritos de los casos ante ellos. *Hernández Montañez v. Parés Alicea et al.*, 208 DPR 727 (2022) (citando a *Ramos, Méndez v. García García*, 203 DPR 379 (2019); *Suárez Cáceres v. Com. Estatal Elecciones*, 176 DPR 31 (2009); *Com. de la Mujer v. Srio. de Justicia,* 109 DPR 715 (1980); *Bhatia Gautier v. Gobernador*, 199 DPR 59 (2017); *Asoc. Fotoperiodistas v. Rivera Schatz*, 180 DPR 920 (2011); *ELA v. Aguayo*, 80 DPR 552 (1958)). Pertinente para la justicibialidad es la legitimación activa, cual determina la capacidad de la parte promovente para comparecer como litigante ante el tribunal, realizar con eficiencia actos procesales y obtener una sentencia vinculante. Íd. (citando a *Ramos,*

*Méndez v. García García*, *supra*). De esta manera, los tribunales evitan adentrarse en controversias hipotéticas o que existen dentro del dominio de otra rama gubernamental. Íd. (citando a *Hernández Torres v. Hernández Colón et al.*, 131 DPR 593 (1992)).

Ahora bien, el *injunction* requiere que una persona o entidad se abstenga de hacer determinada cosa que infrinja o perjudique el derecho de otra. *Senado de PR v. Gobierno de PR*, 203 DPR 62 (2019) (citando a Art. 675 del Código de Enjuiciamiento Civil de 1933, 32 LPRA sec. 3521). El Tribunal podrá dictar una orden de *injunction* provisional, preliminar o permanente siempre y cuando: (1) es indispensable hacer efectiva su jurisdicción y previa una determinación de que la orden es indispensable para evitar un daño irreparable contra la parte peticionaria; o (2) cuando se alegue que alguna parte, al amparo de alguna ley, ordenanza o reglamento del Estado Libre Asociado le esté privando al peticionario de algún derecho, privilegio o inmunidad protegida por la Constitución o las leyes de Puerto Rico o de Estados Unidos y, al evaluarse la petición, se considere el interés público envuelto y si el peticionario tiene una posibilidad real de prevalecer en los méritos de su petición. Art. 678 del Código de Enjuiciamiento Civil de 1933, 32 LPRA sec. 3424. Véase, también, Regla 57 de Procedimiento Civil, *supra*.

Desde luego, solo se concederá un *injunction* permanente si el peticionario demuestra que no existe otro remedio en ley para evitar un daño. *Senado de PR v. Gobierno de PR*, *supra* (citando a Regla 57.3 de Procedimiento Civil, *supra*). Sin embargo, no se podrá otorgar un *injunction* cuando se trate de restringir la obligación que tienen los funcionarios gubernamentales de cumplir con la ley, a menos que se

demuestre que la ley es inconstitucional mediante sentencia final y firme. Art. 678 del Código de Enjuiciamiento Civil de 1933, *supra*.

Por otro lado, una sentencia declaratoria es un mecanismo remedial y profiláctico que permite a cualquier parte interesada anticipar la dilucidación de los méritos ante los tribunales, pero solo mientras exista un peligro potencial contra quien la solicita. *Beltrán Cintrón v. ELA*, 204 DPR 89 (2020) (citando a *Senado de PR v. Gobierno de PR*, *supra*). Para que un Tribunal pueda emitir una sentencia declaratoria, el solicitante debe demostrar que existe una controversia sustancial entre las partes que tengan intereses legales adversos, de suficiente inmediación, madurez y realidad. *Amadeo Ocasio et al. v. Gobernador et al.*, 211 DPR 278 (2023) (citando a *Moscoso v. Rivera*, 76 DPR 481 (1954)). De hecho, el promovente debe demostrar que (1) ha sufrido un daño claro y palpable; (2) el daño es real, inmediato y preciso; (3) existe una conexión entre el daño sufrido y la causa de acción ejercitada; y (4) la causa de acción surge al palio de la Constitución o de una ley. Íd (citando a *Hernández, Santa v. Srio. de Hacienda*, 208 DPR 727 (2022); *Ramos, Méndez v. García García*, *supra*; *Bathia Gautier v. Gobernador*, *supra*).

En vista de ello, la sentencia declaratoria descansa en la sana, pero limitada, discreción del Tribunal. *Sánchez et al. v. Srio. de Justicia et al.*, 157 DPR 360 (2002) (citando a *Moscoso v. Rivera*, *supra*). De la acción ser contra un funcionario gubernamental, los criterios de legitimación activa deben interpretarse de manera flexible y liberal para la parte promovente. *Amadeo Ocasio et al. v. Gobernador et al.*, *supra* (citando a *Ramos, Méndez v. García García*, *supra*; *Bathia Gautier v.*

*Gobernador*, *supra*; *Asoc. de Maestros v. Srio. de Educación*, 156 DPR 754 (2002)).

Cónsono con lo anterior, el *Código Civil* de 2020 obliga a cualquier persona reparar el daño que causó por culpa o negligencia. Art. 1536 del Código Civil de 2020, 31 LPRA sec. 10801. De la parte perjudicada reclamar resarcimiento por los daños sufridos, esta deberá establecer (1) la existencia de un daño real; (2) el nexo causal entre el daño y la acción u omisión del demandado; y (3) el acto u omisión cual tiene que ser culposo o negligente. *Pérez Hernández et al. v. Lares Medical Center, Inc. et al.*, 207 DPR 965 (2021) (citando a *López v. Porrata Doria*, 169 DPR 135 (2006)). No obstante, la *Ley de Municipios Autónomos* no autoriza las acciones de daños y perjuicios contra un municipio por los actos u omisiones de un funcionario municipal en el cumplimiento de una ley, reglamento u ordenanza, aun cuando estos resultaren ser nulos, o en el desempeño de una función de carácter discrecional, aun cuando hubiere abuso de discreción. Art. 15.005 de la Ley 81-1991 (21 LPRA sec. 4705).

Mientras tanto, el Estado tiene un poder inherente para adquirir bienes privados mediante el procedimiento de expropiación forzosa. *Adm. de Terrenos v. Ponce Bayland Enterprices, Inc*., 207 DPR 586 (2021); *Mun. de Guaynabo v. Adquisición*, 180 DPR 206 (2010). Esa facultad de instar procesos de expropiación forzosa es reconocida expresamente a los municipios tanto por la *Ley General de Expropiación Forzosa* como por el *Código Municipal de Puerto Rico*. Véase Sec. 5(a) de Ley de 12 de marzo de 1903 (32 LPRA sec. 2907); Art. 2.017 de la Ley Núm. 107-2020 (21 LPRA sec. 7182). Este último requiere que el alcalde le solicite a la Legislatura Municipal la

aprobación de una ordenanza que declare una propiedad tener utilidad pública o municipal. Art. 2.018(4) de la Ley Núm. 107-2020, *supra*. Posterior a emitirse la ordenanza, la entidad gubernamental que desea expropiar podrá presentar una demanda en la sala de San Juan del Tribunal de Primera Instancia, siguiendo las disposiciones dispuestas en la Regla 58 o Regla 60 de Procedimiento Civil. Sec. 4 de la Ley 12 de marzo de 1903, *supra*. Véase, también, Reglas 58.3 y 60 de Procedimiento Civil, *supra*. No obstante, una vez el titular de la propiedad es notificado del procedimiento de expropiación en su contra, este podrá presentar su contestación ante el Tribunal y así levantar las defensas y objeciones que tenga sobre el carácter público del uso. Íd. Véase, también, Regla 58.5 de Procedimiento Civil, *supra*.

De conformidad con los hechos del presente caso, no encontramos indicio de que el Tribunal de Primera Instancia haya actuado de forma arbitraria, caprichosa, o que haya abusado de su discreción, ni advertimos la comisión de algún error de derecho. El expediente demuestra que los recurridos no han presentado demanda por expropiación forzosa ante el Tribunal de Primera Instancia. En consecuencia, no existe causa de acción que el foro primario pueda evaluar y, por efecto, igualmente inexiste un daño real y palpable. Más aun, de presentarse una demanda por expropiación forzosa, el peticionario tendrá la oportunidad de solicitar remedio de daños y perjuicios, por lo cual sería innecesario emitir un *injunction*. Por lo tanto, la demanda y solicitud del señor Delgado Márquez se presentó prematuramente y el Tribunal de Primera Instancia carece de jurisdicción.

Por los fundamentos antes expresados, expedimos el auto de *certiorari* y confirmamos la *Sentencia* recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Álvarez Esnard concurre sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones