Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| HULA PROPERTIES, INC.  Apelante  v.  NEDDA LIZ SMITH PLANAS Y OTROS  Apelado | KLAN202400410 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de Caguas  Caso Núm.: CG2020CV00314  Sobre: Accesión y otros |
|---|---|---|

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de junio de 2024.

Comparece ante nos, Hula Properties Inc., (Hula o apelante) y solicita que revisemos y revoquemos la *Sentencia* emitida el 14 de marzo de 2023[1] por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI o foro primario). En esta, el foro primario declaró No Ha Lugar la solicitud de sentencia sumaria instada por Hula y decretó la desestimación del caso sin perjuicio, por no ser el mecanismo de sentencia declaratoria el procedimiento adecuado para resolver la controversia central del caso.

Por los fundamentos que exponemos a continuación, revocamos el dictamen apelado en cuanto a la desestimación de la demanda. Veamos.

**I.**

Según surge del expediente, el 31 de enero de 2020, Hula incoó una *Demanda*[2] en contra de la Sucesión de Ángel Luis Planas López (Sucs. Planas López o apelada), compuesta por Nedda Liz

---

[1] Notificada el 16 de marzo de 2023.
[2] Apéndice, págs. 42-46.

Número Identificador

SEN2024 _____

Planas Smith y Ángel Luis Planas II sobre sentencia declaratoria y accesión. En la demanda, Hula alegó ser la dueña de un terreno ubicado en el Municipio de Aguas Buenas, en donde existe una edificación presuntamente propiedad de la Sucs. Planas López. Por esta razón, le solicitó al TPI lo siguiente:

a. Se determine que la parte demandante es el titular del terreno donde enclava la edificación de la parte demandada;
b. Se determine que la parte demandada es un edificante de mala fe; ordene la destrucción de dicha edificación a su costo; ponga a la parte demandante en posesión del terreno; y
c. En la alternativa que se determine que la parte demandada es un edificante de buena fe, determine el valor de indemnización y, una vez satisfecho el mismo, adjudique la titularidad de la edificación a la parte demandante y se ordene el desalojo de la parte demandada y/o cualquier ocupante de la misma;
d. Condene a la parte demandada el pago de las costas, gastos y honorarios de abogado.

Por su parte, la Sucs. Planas López acreditó su alegación responsiva[3] y expuso, entre otros, que procede hacer un estudio de tracto registral. Arguyó además que, existe controversia en cuanto al hecho de que el terreno es de dominio público y que los codemandados han sido dueños de la estructura por más de 40 años.

Así las cosas, Hula presentó una *Moción de Sentencia Sumaria*[4] en la cual propuso 37 hechos incontrovertidos. Además, para sostener su postura, anejó una copia de la escritura de compraventa, certificación del Registro de la Propiedad y la planilla de caudal relicto, entre otros documentos.[5] En esencia, expuso que

---

[3] Apéndice, págs. 48-51.
[4] Apéndice, págs. 58-77.
[5] Apéndice págs. 78-128: 1) Declaración jurada de Dimaris Quiñonez Ramos; 2) Escritura Núm. 1 de Compraventa del 5 de febrero de 2019; 3) Certificación de Propiedad Inmueble expedida por el Registro Inmobiliario el 25 de febrero de 2020; 4) Noticia de *El Vocero*. "Cientos de planteles declarados en desuso" del 23 de abril de 2019; 5) Aviso Público sobre planteles escolares en desuso, obtenido de la página web de la Autoridad de Edificios Públicos; 6) *Primer Pliego de Interrogatorios y Requerimiento de Producción de Documentos* dirigido a la parte demandada; 7) *Contestación al Interrogatorio y Requerimiento de Producción de Documentos*, de Nedda Liz Planas-Smith; 8) *Contestación al Interrogatorio y Requerimiento de Producción de Documentos*, de Ángel Luis Planas II; 9) Resolución del 9 de marzo de 2010, dictada en el caso de EJV2010-0157 (611); 10) Documento del portal del Centro de Recaudaciones de Ingresos Municipales, con información de la propiedad núm. 198-071-068-10-004; 11) Documento del portal

Hula adquirió una propiedad ubicada en el Municipio de Aguas Buenas, Puerto Rico.[6] Sostuvo que, la referida propiedad le pertenece al Gobierno de Puerto Rico desde el año 1918 y que la Sucs. Planas López había construido una edificación de mala fe en suelo ajeno.

Igualmente, en el referido petitorio, Hula planteó que la parte apelada no ostenta un título que demuestre que es dueña del terreno en donde edificó por lo que, al edificar, tenía conocimiento de que lo hacía en suelo ajeno. Además, arguyó que, por la Sucs. Planas López ser una edificante de mala fe no debía ser indemnizada y, por ende, se le debía ordenar demoler la estructura a su costo. Finalmente, solicitó la imposición de honorarios basado en que, presuntamente, la Sucs. Planas López fue temeraria en la tramitación del pleito.

Luego de varios trámites procesales, la Sucs. Planas López instó su *Moción en Oposición a "Moción de Sentencia Sumaria"*.[7] De la oposición a la sentencia sumaria se desprende que, la parte apelada se limitó a relatar las razones por las cuales no procede que se dicte la sentencia sumaria. Es decir, no presentó algún documento o anejo para sostener su posición, conforme establece nuestro ordenamiento jurídico.

En respuesta a ello, Hula incoó una *Oposición A Escrito De La Parte Demandada Titulado "Moción En Oposición A 'Moción De Sentencia Sumaria"*,[8] en la cual manifestó que la oposición presentada por la parte apelada no cumplió con la Regla 36 de

---

del Catastro Digital del Centro de Recaudaciones de Ingresos Municipales; 12) Escritura de Compraventa Núm. 92 del 27 de diciembre de 2006; 13) Planilla del Caudal Relicto de Ángel L. Planas López; 14) Declaración Jurada del Ingeniero Henry Rodríguez Molina y plano que lo acompaña.

[6] "RÚSTICA: Parcela de terreno localizada en el barrio Mulas de Aguas Buenas, compuesta de tres cuerdas (3 cdas.) equivalentes a Una hectárea, Diecisiete áreas y Noventa y Una centiáreas (1H, 17A, 91CA), lindantes por el Norte, con el camino vecinal de Juan Asencio y terrenos de la Junta Escolar de Aguas Buenas; por el Sur y el Este, con la finca de la que se segrega, propiedad de Luis Tomás Baliñas y Ruiz; y por el Oeste, con el mismo señor Baliñas y terrenos de la Junta Escolar de Aguas Buenas."

[7] Apéndice, págs. 135-140.

[8] Apéndice, págs. 141-147.

Procedimiento Civil.[9] Como resultado, solicitó que el petitorio sumario se diera por sometido y, en su consecuencia, fuera declarado con lugar.

Evaluado lo anterior, el TPI emitió la *Sentencia* apelada mediante la cual declaró no ha lugar a la *Moción de Sentencia Sumaria* interpuesta por Hula. En esta consignó 22 hechos incontrovertidos y 14 controversias, para así concluir que, no procedía la adjudicación por la vía sumaria. Sin embargo, decretó la desestimación de la demanda sin perjuicio bajo el fundamento de que, el mecanismo de sentencia declaratoria no es el adecuado para resolver la controversia central. En su dictamen, el TPI consignó que los siguientes hechos no están en controversia:

1. Mediante la Escritura Núm. Seis de 26 de enero de 1918 ante el Notario Pedro Armando Rivera, la Junta Escolar del Municipio de Aguas Buenas cedió al Gobierno de Puerto Rico el terreno donde se ubicó la Escuela Luis T. Baliñas.

2. En algún momento posterior, se construyó la estructura en controversia en un terreno aledaño a donde ubicaba la referida Escuela Luis T. Baliñas.

3. En el 1990, la estructura en controversia fue adquirida por Anastacia López Flores, madre del fenecido Ángel Planas López y abuela de los codemandados.

4. Tomando dicha fecha como punto de partida, al momento de la radicación de la demanda de epígrafe, esta estructura llevaba unos treinta (30) años construida y/u ocupada por familiares de la Sucn. Planas-López y por el mismo Ángel Planas López.

5. La Sucn. Planas-López acepta que la construcción de la estructura se hizo en suelo ajeno.

6. La Sucn. Planas-López acepta que, cuando su abuela Anastacia López Flores compró la estructura, estaba bajo el entendido de que ubicaba en un terreno perteneciente al Municipio de Aguas Buenas.

7. El 27 de diciembre de 2006 se otorgó la Escritura de Compraventa Núm. 92, ante la Notaria Ignalisa Santos Fernández, en la cual Anastacia López Flores vendió la propiedad en controversia al fenecido Ángel Planas López.

8. La estructura fue descrita en la referida escritura como:
   Casa de concreto de dos (2) plantas dedicadas a vivienda que mide treinta y tres pies con seis pulgadas (36'-6") de frente y cuarenta y siete p[i]es con cuatro pulgadas (47'-4") de fondo. Contiene la primera planta cinco (5) habitaciones reestructurada a cuatro (4) habitaciones, un servicio sanitario, sala-comedor, cocina, terraza. La segunda planta contiene sala, comedor, cocina, tres (3) cuartos dormitorios, servicio sanitario, medio baño, balcón reestructurada a sala, comedor cocina, cuatro (4) cuartos dormitorios,

---

[9] 32 LPRA Ap. V, R. 36.

dos (2) servicios sanitarios, balcón y terraza. Enclava en un solar propiedad del Municipio de Aguas Buenas compuesto de CIENTO OCHENTA Y DOS METROS CUADRADOS (182 m/c) más o menos y que colinda por el Norte con carretera estatal ciento setenta y cuatro (174); por el Sur, con el Estado Libre Asociado de Puerto Rico; por el Este con Anastacia López viuda de Planas; y por el Oeste, con Agapito López.

9. Señala, además, que Anastacia López Flores "...adquirió la referida estructura mediante escritura de Compraventa número diez (100) [sic] otorgada en Aguas Buenas, Puerto Rico, el once (11) de agosto de mil novecientos noventa (1990) ante el notario Juan Correa Rodríguez..." y que no estaba inscrita en el Registro de la Propiedad.

10. La propiedad en controversia está registrada en el Centro de Recaudación de Ingresos Municipales (en adelante CRIM) bajo el número de catastro 198-071-068-10-004.

11. Ángel Luis Planas López falleció el 7 de noviembre de 2009 en el Estado de Michigan, Estados Unidos.

12. El 9 de marzo de 2010 se emitió Resolución en el caso EJV2010-0157 (611) declarando a los codemandados Nedda Lis Planas y Ángel Luis Planas II como sus únicos herederos.

13. En el 2018 la Escuela Luis T. Baliñas fue declarada en desuso por el Departamento de Educación.

14. El 19 de diciembre de 2018 el Comité de Evaluación y Disposición de Bienes Inmuebles de la Rama Ejecutiva del Gobierno de Puerto Rico emitió la Resolución 2018-24, autorizando la venta de la propiedad inmueble donde ubicaba la Escuela Luis T. Baliñas, por el precio de $400,000.00.

15. El 5 de febrero de 2019, ante la Notario María Luisa Fuster Zalduondo, se otorgó la Escritura Núm. Uno de Compraventa en la cual el Gobierno de Puerto Rico vendió a Hula el terreno donde ubicaba la Escuela Luis. T. Baliñas.

16. En dicha escritura, la propiedad fue descrita como:

Rústica: Parcela de terreno localizada en el barrio Mulas de Aguas Buenas, compuesta de tres cuerdas (3 cdas.) equivalentes a Una hectárea, Diecisiete áreas y Noventa y Una centiáreas (1H, 17ª, 91CA), lindantes por el Norte, con el camino vecinal Juan Asencio y terrenos de la Junta Escolar de Aguas Buenas; por el Sur y el Este, con la finca que se segrega, propiedad de Luis Tomás Baliñas y Ruiz; y por el Oeste, con el mismo señor Baliñas y terrenos de la Junta Escolar de Aguas Buenas.

17. Se indica, además, que esta propiedad está inscrita en el Registro de la Propiedad, sección Segunda de Caguas, en el Folio 73 del Tomo 19 de Aguas Buenas, Finca Núm. 915 y que su número de catastro es 198-071-068-10.

18. El ingeniero Henry Rodríguez Molina fue contratado por Hula para realizar una mensura del terreno en controversia, ubicado en la carretera PR 174, Km 21.1, en el Barrio Mulas del Municipio de Aguas Buenas.

19. Para dicha mensura, éste revisó el catastro digital del CRIM y, a base de su examen de dicho mapa catastral digital, preparó un plano de la propiedad en cuestión.

20. El ingeniero Henry Rodríguez Molina concluyó que la estructura objeto del presente pleito ubica en el predio de terreno adquirido por Hula.

21. El ingeniero concluyó que la estructura ubica en un área de terreno que era baldío.

22. El 31 de enero de 2020 Hula presentó la acción de epígrafe en contra de la Sucn. Planas-López.[10]

Además, identificó catorce (14) controversias medulares que, a su entender, impiden la adjudicación de la causa por la vía sumaria, a saber:

1. La porción de terreno que específicamente fue donada al Gobierno de Puerto Rico por la Junta Escolar del Municipio de Aguas Buenas mediante la, antes mencionada, Escritura Núm. Seis (6) de 26 de enero de 1918, otorgada ante el Notario Pedro Armando Rivera.
2. Qué remanente quedó perteneciente a la Junta Escolar del Municipio de Aguas Buenas, si alguno.
3. La fecha en que se construyó la estructura en el terreno aledaño a la Escuela Luis T. Baliñas y quién la construyó.
4. Con qué autorización, si alguna, se procedió a construir.
5. La corrección de la inscripción de la estructura en el CRIM dado que, de una revisión a la información del Catastro Digital que indica HULA en su escrito surge que ésta se encuentra ubicada en una parcela separada al terreno de la Escuela Luis T. Baliñas y no indica tener titular alguno.
6. La documentación provista al CRIM para probar la titularidad sobre la estructura en controversia y que le permitió su inscripción, si alguna.
7. La fecha en que la Escuela Luis T. Baliñas fue construida, con anterioridad o posterioridad a la estructura en controversia.
8. La descripción específica de los puntos que identifican las colindancias del predio de terreno donde ubicaba la Escuela Luis T. Baliñas.
9. Qué acción, si alguna, realizó el Departamento de Educación con relación a la ocupación de la porción de terreno en controversia.
10. Qué acción, si alguna, realizó el Municipio de Aguas Buenas y/o la Junta Escolar con relación a la ocupación de la porción de terreno en controversia.
11. Qué verificación o estudio de título, si alguno, hizo el Gobierno de Puerto Rico previo a la venta del terreno donde ubicaba la Escuela Luis T. Baliñas.
12. La representación que le hicieran a Hula en torno al terreno a ser vendido.
13. El conocimiento previo que tuviese Hula con relación a la situación del predio en controversia.
14. Si en esta acción se incluyeron a todas las partes indispensables.[11]

En desacuerdo, Hula presentó una *Moción de Reconsideración*,[12] en la cual arguyó, entre otras cosas, que el mecanismo de sentencia declaratoria es el adecuado para dilucidar la controversia y que, al amparo de las Reglas de Procedimiento Civil, procedía declarar con lugar la sentencia sumaria. Así las

---

[10] Apéndice, págs. 9-12.
[11] Apéndice, págs. 12-13.
[12] Apéndice, págs. 20-40.

cosas, el 27 de marzo de 2024, el foro *a quo* emitió una *Resolución*[13] mediante la cual denegó el petitorio de reconsideración que instó Hula.

Aun inconforme con el dictamen recurrido, Hula interpuso el recurso de apelación ante nos, por entender que el foro primario cometió los siguientes errores:

> Erró el TPI al decretar la desestimación sin perjuicio de la demanda presentada por Hula bajo el fundamento de que el mecanismo de sentencia declaratoria no era el adecuado para atender la controversia ante su consideración.

> Erró el TPI al declarar no ha lugar la moción de sentencia sumaria presentada por Hula y crear *sua sponte* controversias de hecho y derecho sobre asuntos que quedaron establecidos mediante la moción de sentencia sumaria.

El 29 de abril de 2024, emitimos una *Resolución* en la cual ordenamos a la parte apelante evidenciar el cumplimiento de las Reglas 13(B) y 14(B) del Reglamento del Tribunal de Apelaciones.[14] Además, apercibimos a la parte apelada a cumplir estrictamente con la Regla 22 de nuestro Reglamento.[15] En cumplimiento con ello, el 3 de junio de 2024, compareció la parte apelada mediante su *Alegato en Oposición.* Con el beneficio de sus posturas, procedemos a resolver.

## II.

### A. Sentencia sumaria

El mecanismo de sentencia sumaria provisto en la Regla 36 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R.36, permite a los tribunales disponer, parcial o totalmente, de litigios civiles en aquellas situaciones en las cuales no exista controversia material de hecho que requiera ventilarse en un juicio plenario, y el derecho así lo permita. *Cruz Cruz y otra v. Casa Bella Corp. y otros,* 2024 TSPR 47, resuelto el 8 de mayo de 2024; *SLG Fernández-Bernal v. RAD-*

---

[13] Apéndice, pág. 41.
[14] 4 LPRA Ap. XXII-B, R. B, R. 13(B) y R.14(B).
[15] 4 LPRA Ap. XXII-B, R. 22.

*MAN San Juan et al*, 208 DPR 310 (2021). Este mecanismo lo puede utilizar la parte reclamante o aquella parte que se defiende de una reclamación. 32 LPRA Ap. V, R. 36.1 y 36.2.

Mediante el mecanismo de sentencia sumaria, se procura profundizar en las alegaciones para verificar si, en efecto, los hechos ameritan dilucidarse en un juicio. *León Torres v. Rivera Lebrón*, 204 DPR 20, 42 (2020). Este cauce sumario resulta beneficioso tanto para el tribunal, como para las partes en un pleito, pues se agiliza el proceso judicial, mientras simultáneamente se provee a los litigantes un mecanismo procesal encaminado a alcanzar un remedio justo, rápido y económico. *Íd.*, págs. 42-43.

Como se sabe, en aras de prevalecer en una reclamación, la parte promovente debe presentar prueba incontrovertible sobre todos los elementos indispensables de su causa de acción. Por ello, y en lo pertinente al caso ante nos, una parte demandada puede solicitar una sentencia sumaria por insuficiencia de prueba. Dicha solicitud procede cuando la parte demandante no cuenta con evidencia suficiente para probar su caso. El promovente de la referida solicitud debe demostrar que: 1) la vista es innecesaria; 2) el demandante no cuenta con evidencia suficiente para probar algún hecho esencial; y 3) como cuestión de derecho procede la desestimación de la reclamación. Para ello es indispensable que se le haya brindado al promovido amplia oportunidad para realizar descubrimiento de prueba adecuado. *Ramos Pérez v. Univisión* 178 DPR 200, 217-218 (2010); *Medina v. M.S. & D. Química P.R., Inc.*, 135 DPR 716 (1994).

Nuestro ordenamiento civil y su jurisprudencia interpretativa impone unos requisitos de forma con los cuales hay que cumplir al momento de presentar una solicitud de sentencia sumaria, a saber: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción sobre la

cual se solicita la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales se debe dictar la sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido. *Oriental Bank v. Caballero García,* 212 DPR 671, 679 (2023). Véase, además, la Regla 36.3 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3. Si el promovente de la moción incumple con estos requisitos, "el Tribunal no estará obligado a considerar su pedido". *Meléndez González et al. v. M. Cuebas,* 193 DPR 100, 111 (2015).

Por otro lado, "la parte que desafía una solicitud de sentencia sumaria no puede descansar en las aseveraciones o negaciones consignadas en su alegación". *León Torres v. Rivera Lebrón,* supra*, pág. 43. Por el contrario, quien se opone a que se declare con lugar esta solicitud viene obligado a enfrentar la moción de su adversario de forma tan detallada y específica como lo ha hecho el promovente puesto que, si incumple, corre el riesgo de que se dicte sentencia sumaria en su contra, si la misma procede en derecho. *Íd.*

Por ello, en la oposición a una solicitud de sentencia sumaria, el promovido debe puntualizar aquellos hechos propuestos que pretende controvertir y, si así lo desea, someter hechos materiales adicionales que alega no están en disputa y que impiden que se dicte sentencia sumaria en su contra. *Íd.*, pág. 44. Claro está, para cada uno de estos supuestos deberá hacer referencia a la prueba específica que sostiene su posición, según exigido por la antes citada Regla 36.3 de Procedimiento Civil; *Birriel Colón v. Supermercado Los*

*Colobos (Econo Rial, Inc.) e Integrand Assurance Company*, 2023 TSPR 120, resuelto el 3 de octubre de 2023.

En otras palabras, la parte opositora tiene el peso de presentar evidencia sustancial que apoye los hechos materiales que alega están en disputa. *Íd.* De lo anterior se puede colegir que, ante el incumplimiento de las partes con las formalidades de la Regla 36 de Procedimiento Civil de 2009, *supra*, la consideración de sus posiciones descansa en la sana discreción del Tribunal. *Meléndez González et al. v. M. Cuebas*, supra.

Al atender la solicitud, el Tribunal deberá asumir como ciertos los hechos no controvertidos que se encuentren sustentados por los documentos presentados por el promovente. *E.L.A. v. Cole*, 164 DPR 608, 626 (2005). Toda inferencia razonable que pueda surgir de los hechos y de los documentos se debe interpretar en contra de quien solicita la sentencia sumaria, pues sólo procede si bajo ningún supuesto de hechos prevalece el promovido. *Íd.*, pág. 625. Además, al evaluar los méritos de una solicitud de sentencia sumaria, el juzgador debe actuar guiado por la prudencia y ser consciente en todo momento que su determinación puede conllevar el que se prive a una de las partes de su "día en corte", componente integral del debido proceso de ley. *León Torres v. Rivera Lebrón,* supra, pág. 44.

Sin embargo, la sentencia sumaria generalmente no procederá cuando existan controversias sobre hechos esenciales materiales, o si la controversia del caso está basada en elementos subjetivos como intención, propósitos mentales, negligencia o credibilidad. *Cruz Cruz y otra v. Casa Bella Corp. y otros,* supra. Además, existen casos que no se deben resolver mediante sentencia sumaria porque resulta difícil reunir la verdad de los hechos mediante declaraciones juradas o deposiciones. *Jusino et als. v. Walgreens*, 155 DPR 560, 579 (2001). De igual modo, no es

apropiado resolver por la vía sumaria "casos complejos o casos que involucren cuestiones de interés público". *Íd.*, pág. 579.

El Tribunal Supremo de Puerto Rico ha discutido los criterios que este Tribunal de Apelaciones debe considerar al momento de revisar una sentencia dictada sumariamente por el foro de instancia. *Roldán Flores v. M. Cuebas*, 199 DPR 664, 679-680 (2018); *Meléndez González et al. v. M. Cuebas*, supra, págs. 118-19. Nuestro más Alto Foro señaló que:

> [E]l Tribunal de Apelaciones debe: 1) examinar de *novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra*, y la jurisprudencia le exigen al foro primario; 2) revisar que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de formas codificados en la referida Regla 36, *supra*; 3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos; 4) y de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar de *novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia. *Roldán Flores v. M. Cuebas,* supra, pág. 679.

Conforme a lo anterior, "nos encontramos en la misma posición que el Tribunal de Primera Instancia para evaluar la procedencia de una sentencia sumaria". *González Santiago v. Baxter Healthcare*, 202 DPR 281, 291 (2019). Por ello, nuestra revisión es una *de novo* y nuestro análisis debe regirse por las disposiciones de la Regla 36 de Procedimiento Civil, *supra*, y su jurisprudencia interpretativa. *Íd.* De esta manera, si entendemos que los hechos materiales realmente están incontrovertidos, debemos revisar *de novo* si el foro primario aplicó correctamente el derecho. *Íd.*

### B. Sentencia declaratoria

Para dilucidar la controversia ante nuestra consideración resulta imperativo establecer en qué circunstancias está disponible el mecanismo de sentencia declaratoria. La sentencia declaratoria se ha definido como un mecanismo "remedial y profiláctico que

permite anticipar la dilucidación de los méritos de cualquier reclamación ante los tribunales", siempre que se demuestre la existencia de un peligro real contra la parte que solicita la sentencia declaratoria. *Sánchez et al. v. Srio. de Justicia et al.*, 157 DPR 360, 383–384 (2002); *Charana v. Pueblo*, 109 DPR 641, 653 (1993).

La sentencia declaratoria se rige por las disposiciones de las Reglas de Procedimiento Civil. Específicamente, la Regla 59.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 59.1, le confiere facultad al tribunal para que pueda declarar derechos, estados y otras relaciones jurídicas independientemente de que se solicite otro remedio. La citada regla añade que la sentencia declaratoria puede ser afirmativa o negativa, y tiene el mismo efecto y la fuerza de las sentencias o resoluciones finales que dictan los tribunales. Según ha expresado nuestro Tribunal Supremo, una solicitud de sentencia declaratoria tiene como resultado una decisión judicial sobre cualquier discrepancia en la interpretación de la ley. *Mun. Fajardo v. Srio. Justicia et al.*, 187 DPR 245, 254 (2012). Por su parte, el inciso (a) de la Regla 59.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 59.2, dispone que cualquier persona que tenga interés en una escritura, un testamento, un contrato o cuyos derechos, estado u otras relaciones jurídicas se vean afectados por un precepto legal, una ordenanza municipal, un contrato o una franquicia, podrá solicitar una sentencia declaratoria.

Cónsono con lo anterior, el profesor Hernández Colón comenta que la sentencia declaratoria se dicta en un proceso en el que se alegan hechos que indican que existe una controversia entre las partes cuyos intereses legales son opuestos, sin que sea necesaria la existencia de una lesión previa de estos con el propósito de resolver la incertidumbre legal y promover la paz social. R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 5ta Ed., San Juan, Lexis, 2010, Sec. 6001, pág. 560.

Por otro lado, la Regla 59.2 (c) de Procedimiento Civil, *supra*, aclara que "[l]a enumeración hecha en los incisos (a) y (b) de esta regla, no limita ni restringe el ejercicio de las facultades generales conferidas en la Regla 59.1 dentro de cualquier procedimiento en que se solicite un remedio declaratorio, siempre que una sentencia o decreto haya de poner fin a la controversia o despejar una incertidumbre."

Sin embargo, debe añadirse que, la propia Regla 59.3 de Procedimiento Civil, 32 LPRA Ap. V, R.59.3, establece que: "El tribunal podrá negarse a dar o a registrar una sentencia o decreto declaratorio cuando tal sentencia o decreto, de ser hecho o registrado, no haya de poner fin a la incertidumbre o controversia que originó el procedimiento." Énfasis nuestro. De igual manera, es menester aclarar que:

> El requisito de la existencia de una controversia real está conectado con la regla al efecto de que la concesión de una sentencia declaratoria, considerada ésta como un remedio en equidad, descansa en el ejercicio de una sana discreción judicial. Énfasis nuestro. *Moscoso v. Rivera*, 76 DPR 481, 493 (1954).

**III.**

En el recurso ante nos, la parte apelante solicita que revoquemos la *Sentencia* dictada por el foro primario, que declaró la desestimación del caso de autos. En cuanto al primer error señalado, Hula arguye que incidió el TPI al desestimar sin perjuicio la causa de acción, por entender que el mecanismo de sentencia declaratoria no es el adecuado para el asunto en controversia. De otra parte, en el segundo error plantea que, erró el TPI al declarar No Ha Lugar la sentencia sumaria y, a su vez, crear controversias de hechos y derechos sobre asuntos que quedaron establecidos con el petitorio. Veamos.

En primer lugar, nos corresponde determinar si incidió el foro primario al desestimar el caso, tras entender que la sentencia

declaratoria es inaplicable al recurso de autos. Tal cual mencionamos anteriormente, la utilización del mecanismo de sentencia declaratoria recae en la sana discreción del foro primario. De modo que, las Reglas de Procedimiento Civil, le otorgan la facultad al juzgador de determinar cuándo procede la sentencia declaratoria o, por el contrario, cuándo debe abstenerse de su uso.

En el recurso de autos, el TPI unilateralmente desestimó la causa de acción, por entender que la utilización de la sentencia declaratoria no aplica. Cabe señalar sin embargo que, aunque el foro primario posee amplia discreción sobre la procedencia de dicho remedio, el foro primario se equivocó al desestimar la causa de acción por el único fundamento de que una sentencia declaratoria no resolvería la controversia central.

Resulta claro que, la demanda de epígrafe también incluye una causa de acción sobre accesión, la cual envuelve un procedimiento ordinario, producto del cual, las partes tendrán la oportunidad de presentar evidencia. Asimismo, podrán rebatir la prueba y el juzgador de hechos tendrá la oportunidad de dirimir la controversia y resolver conforme a derecho. Por lo cual, el foro primario erró al desestimar el caso de autos.

A los fines de entender en el segundo error, habremos de revisar *de novo* la moción dispositiva de la apelante y su correspondiente oposición, en cumplimiento con el deber impuesto por *Meléndez González et al. v. M. Cuebas*, supra. Asimismo, debemos evaluar si las partes cumplieron con los requisitos de forma dispuestos en la Regla 36 de Procedimiento Civil, *supra.* Superado lo anterior, debemos determinar si, en el presente caso, existen hechos materiales en controversia que impiden resolver sumariamente este asunto.

Al evaluar el petitorio sumario de Hula constatamos que cumplió con las exigencias y formalidades requeridas por la Regla

36.3(a), *supra.* En su moción dispositiva, Hula arguyó que no existe controversia con respecto a que ella compró al Gobierno de Puerto Rico la propiedad inmueble objeto de este litigio, en la cual la apelada construyó presuntamente de mala fe y con conocimiento de que era suelo ajeno. Añadió que, la apelada carece de una escritura o documento que acredite su titularidad, por lo cual, al edificar de mala fe en suelo ajeno no tiene derecho a indemnización alguna y deberá demoler la estructura a su cuenta y cargo. Argumentó además que, la apelada no puede invocar como defensa la prescripción adquisitiva debido a que esta no aplica al Estado. Por último, imputó a la Sucs. Planas López haber incurrido en temeridad, por lo cual, solicitó la imposición de honorarios a esos efectos.

A lo antes, la apelada se opuso y relató los fundamentos que establecen los hechos presuntamente en controversia que impiden la solución sumaria del presente asunto. Precisamos que, en su oposición, la apelada incumplió con varios de los requisitos de forma que dispone la Regla 36.3(b) de Procedimiento Civil, *supra.* En primer lugar, no enumeró los párrafos de los hechos que considera están en controversia, tal cual enumerados en el petitorio sumario de Hula. Además, no presentó documento alguno en respaldo a su postura, ni especificó qué prueba sustenta las presuntas controversias de hechos que señala, con referencia a la página o a la sección correspondiente.

No obstante lo anterior, y debido a que los tribunales tenemos discreción para considerar una oposición a solicitud de sentencia sumaria defectuosa, no procede revertir el dictamen recurrido por este fundamento. *Meléndez González et al. v. M. Cuebas,* supra. Finalizado el referido análisis, nos corresponde determinar si existen controversias medulares sobre los hechos ocurridos y si el foro primario aplicó correctamente el derecho. Veamos.

Luego de examinar *de novo* el petitorio sumario de Hula, la Oposición de la Sucs. Planas López y la totalidad de los documentos que forman parte del apéndice ante nuestra consideración, coincidimos con el TPI en cuanto a la existencia de 14 hechos medulares en controversia, según desglosados en el tracto procesal, los cuales impiden la solución sumaria de la presente causa en esta etapa de los procesos. En efecto, subsisten controversias sobre los límites y la cabida del predio que adquirió Hula; los límites del predio que donó la Junta Escolar; la titularidad del predio en donde ubica la estructura de la apelada; y si la prescripción adquisitiva aplica a estos hechos.

Al evaluar la prueba que presentó Hula en apoyo a su petitorio, particularmente el plano que preparó el ingeniero Henry Rodríguez Molina, nos resulta insuficiente para establecer con certeza las colindancias, a manera de poder concluir que la propiedad de la Sucs. Planas López ocupa parte del terreno perteneciente a Hula.

Basado en lo anterior y de conformidad con la facultad que nos confirió el Tribunal Supremo en *Meléndez González et al. v. M. Cuebas, supra,* reconocemos que el TPI actuó correctamente al declarar no ha lugar la solicitud de sentencia sumaria que instó la apelante. El segundo error señalado no se cometió.

**IV.**

Por los fundamentos antes expuestos, revocamos la *Sentencia* apelada en cuanto a la desestimación de la demanda bajo el fundamento de que el mecanismo de sentencia declaratoria no es el adecuado para resolver la controversia. No obstante, confirmamos la determinación del foro primario que declara *No Ha Lugar* a la *Moción de Sentencia Sumaria*. Cónsono con lo anterior,

devolvemos el caso al foro primario para la continuación de los procedimientos.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones